IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CHARLES D. BROADWAY,            )
                                )
                Plaintiff,      )
                                )
        v.                      )       No. 06-4293-CV-C-NKL
                                )
COLE COUNTY JAIL, et al.,       )
                                )
                Defendants.     )

**REPORT, RECOMMENDATION AND ORDER**

      Plaintiff Charles D. Broadway, formerly an inmate confined in the Cole County Jail[1], brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants are the Cole County Jail and Deputy Leak.

      In support of his claims for relief, plaintiff states defendant Leak touched him on the arm to wake him one morning, and on another occasion, took a sandwich from him. Plaintiff makes other broad assertions of lack of exercise and religious services, and poor food quality.

      Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the

---

[1]The court notes plaintiff is no longer confined in the Cole County Jail.

successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims against the Cole County Jail should be dismissed. A county correctional center or jail is not a suable entity under 42 U.S.C. § 1983 because it is merely an arm of the county and lacks a separate legal identity apart from the county. Spinks v. City of St. Louis Water Div., 176 F.R.D. 572, 573 (E.D. Mo. 1997) (citing State of Missouri ex rel. Gore v. Wochner, 475 F. Supp. 274, 280 (E.D. Mo. 1979), aff'd, 620 F.2d 183 (8th Cir. 1980)).

Plaintiff's claims against defendant Leak should also be dismissed. In plaintiff's allegation regarding the taking of his sandwich, plaintiff, in essence, alleges defendant violated his due process rights under the Fourteenth Amendment when he took his property. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990); Sours v. Armontrout, No. 87-1240, slip op. (8th Cir. June 1, 1987) (unpublished). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 2001 WL 118147 (Mo. App. Feb. 13, 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 2005).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

Plaintiff's claim that defendant Leak touched plaintiff's arm should also be dismissed. Such a claim does not amount to excessive use of force.

The remainder of plaintiff's claims are too broad and general, with no supporting detail and should be dismissed. "Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). "Broad and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under [section] 1983." Ellingberg v. King, 490 F.2d 1270, 1271 (8th Cir. 1974). See also Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981). Although pro se complaints are to be viewed liberally, as required by Haines v. Kerner, 404 U.S. 519 (1972), "[s]uch pleadings must nonetheless not be conclusory and must set forth the claim in the manner which, taking the pleaded facts as true, states a claim as a matter of law." Williams v. Town of Okoboji, 606 F.2d 812, 814 (8th Cir. 1979) (quoting Nickins v. White, 536 F.2d 802, 803 (8th Cir. 1976)). See also Johnson v. Stark, 717 F.2d 1550, 1552 (8th Cir. 1983). Thus, under the federal notice pleading and as a matter of due process of law, even pro se plaintiffs must at least "give defendant[s] 'fair notice of what [their] claim is and the grounds upon which it rests,'" a requirement which contemplates "a statement of the circumstances, occurrences and events in support of the claim being presented." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1215 at 145 (1990).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 11th day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4